572 P.2d 881

**Marcia Lynn NISLE,
Plaintiff-Respondent,**

v.

**Lawrence Gordon NISLE,
Defendant-Appellant.**

No. 12261.

Supreme Court of Idaho.

Dec. 28, 1977.

Reginald R. Reeves of Denman, Reeves & Ohman, Idaho Falls, for defendant-appellant.

Robert M. Nielsen of Ling & Nielsen, Rupert, for plaintiff-respondent.

PER CURIAM.

The parties in this appeal were married on December 2, 1967 and had one child, a son approximately two years old, at the time of trial. The plaintiff-respondent wife filed for a divorce on June 30, 1975. Her complaint asked for a decree of divorce, custody of the child and support payments, and a division of the community property. The defendant-appellant husband filed his answer and counterclaim also asking for a decree of divorce, custody of the child and support payments, and a division of the community property. The wife filed a reply to the counterclaim. Both the wife's complaint and the husband's counterclaim made differing recommendations as to how the community property should be divided. To aid the court in determining which party should be awarded custody of the child, social and psychiatric examinations of both parties were prepared. The parties stipulated to these examinations which were to be conducted by the Idaho Department of Health and Welfare. Written reports indicating the results of these examinations were prepared and submitted to the district court. The persons preparing the reports did not testify at trial, however.

After the conclusion of the trial and examination of the written reports, the district court entered findings of fact and conclusions of law. The district court awarded both of the parties a decree of divorce, made a division of the community property, and awarded the wife custody of the child with support payments due from the husband. After the husband filed this appeal, the district court also entered an order requiring the husband to pay the wife's attorney fees on appeal.

The husband contends in this appeal that the district court erred by granting the wife a decree of divorce, by awarding her custody of the child and by requiring him to pay child support, and by dividing the parties community property in a manner contrary to the division allegedly agreed upon by the parties in their pleadings.

After considering the evidence introduced at trial and that contained in the written reports prepared by the Department of Health and Welfare, the district court concluded that the best interests of the child would be served by awarding custody to the wife. The question of custody

of a minor child is vested in the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of discretion. *Saviers v. Saviers*, 92 Idaho 117, 438 P.2d 268 (1968). There is no showing of abuse of discretion in this appeal and therefore we will not disturb the district court's conclusion.

The husband next contends that the court erred by dividing the community property in a manner contrary to that specified by the parties in their pleadings. The husband argues that the wife's answer to his counterclaim admitted that the community property of the parties should be divided in the manner specified in the counterclaim. We cannot agree that there was an "agreement" between the parties or an admission by the wife in her pleadings as to how the community property should be divided. Since there was no agreement, the division of community property was a matter vested in the sound discretion of the trial court. The trial court's determination will not be disturbed on appeal in the absence of a showing of an abuse of such discretion. *Simplot v. Simplot*, 96 Idaho 239, 526 P.2d 844 (1974).

We find the husband's other assignments of error to be without merit. Accordingly the judgment of the district court is affirmed. Costs to respondent.